IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

GUILLERMO DESIDERIO HERRERA
CORONEL,

        Petitioner,

        v.

WARDEN, FOLKSTON ICE PROCESSING
CENTER,

        Respondent.

CIVIL ACTION NO.: 5:26-cv-291

**O R D E R**

Petitioner filed a Motion for Leave to Proceed *in Forma Pauperis*.  Doc. 3.  Upon review, I **GRANT** Petitioner's Motion.

**Service of the Petition**.  I have reviewed Petitioner's 28 U.S.C. § 2241 Petition for Habeas Corpus Relief.  I find that it does not plainly appear that Petitioner is not entitled to relief.  See Rules 1(b) and 4 of the Rules Governing Section 2254 Cases.  Therefore, the Court directs the United States Marshal to serve a copy of the Petition, doc. 1, and a copy of this Order by registered or certified mail upon: (1) the Attorney General of the United States; (2) the named Warden-Respondent; and (3) the civil process clerk at the office of the United States Attorney for the Southern District of Georgia.  See Fed. R. Civ. P. 4(i).  The Court **DIRECTS** the Clerk of Court to provide a courtesy copy of this Order and the Petition to the United States Attorney's

Office at: Bradford.Patrick@usdoj.gov; Woelke.Leithart@usdoj.gov; and

Keveya.Sturkey@usdoj.gov.[1]

**Answer Due in 7 Days**.  The Warden-Respondent must file an answer to the Petition

within **7 business days** of the date of this Order.  See, e.g., 28 U.S.C. § 2243.  The Answer must

address the allegations in the Petition, certify the true cause of the detention, and show cause

why the Petition should not be granted.  The Answer shall constitute a return for the purposes of

28 U.S.C. § 2243, as long as it certifies the true cause of detention.  Counsel for the Warden-

Respondent shall provide all relevant records, including orders, recordings, transcripts, and other

records from ICE, that are available to counsel at the time of the Answer.  Counsel shall

promptly supplement the answer with any additional records that counsel obtains after filing the

Answer.  The Warden-Respondent will be permitted to file additional motions, including a

motion to dismiss, within 21 days of filing the Answer.

**Reply Due in 3 Days.**  Petitioner shall file any desired Reply to the Answer within

**3 days** of the date the Answer is served.  Petitioner shall file any desired response to a motion to

dismiss within 14 days of service.

**Requests for Interim Relief**.  This Petition will be resolved in the ordinary course.

Recently, petitioners in similar circumstances have sought various forms of interim relief,

including a prohibition on the petitioner's removal from the United States, a prohibition on ICE

from transferring the petitioner from one detention facility to another within the United States,

and interim release from detention while the habeas petition is pending.  To the extent Petitioner

is requesting interim relief, Petitioner shall file an independent motion titled "Motion for Interim

---

[1]     Petitioner filed this cause of action before the effective date of the Memorandum of
Understanding.  However, the Clerk of Court is permitted to serve notice of this Petition using the
appropriate email address, if preferred, and acceptable to Respondent.

Relief" separate from the Petition.  Petitioner should not make a request for interim relief in the body of the Petition or in a request for preliminary injunctive relief (e.g., a motion for temporary restraining order or a motion for preliminary injunction, or motion for order to show cause).  The Warden-Respondent shall file a response to any motion for interim relief within **7 days** of the date the motion is served.

Importantly, a petitioner who seeks release from detention while the Petition is pending must demonstrate in the motion for interim relief: (1) a likelihood of success on the merits of a substantial constitutional claim; and (2) extraordinary and exceptional circumstances exist that make release necessary to preserve the effectiveness of the habeas corpus relief sought. See, e.g., Wilcox v. Ford, 813 F.2d 1140 (11th Cir. 1987); Gomez v. United States, 899 F.2d 1124 (11th Cir. 1990); and Wilson v. Sec'y, Dep't of Corr., No. 17-10060-D, 2017 WL 11815408, at *1 (11th Cir. May 10, 2017); see also Mapp v. Reno, 241 F.3d 221, 225 (2d Cir. 2001).

**SO ORDERED**, this 30th day of April, 2026.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

3